UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VANO NATSVALADZE,

Petitioner,

v.

WARDEN JEREMY CASEY, et al.,

Respondents.

Case No.:  3:26-cv-0922-CAB-BJW

**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Vano Natsvaladze's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 4 ("Petition").]  Petitioner claims he is being detained by immigration authorities in violation of the Due Process Clause of the Fifth Amendment.  [*Id.* at 6.]  He seeks immediate release or, at minimum, a bond hearing.  [*Id.* at 6, 7.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

**I.    BACKGROUND**

Petitioner is a citizen of Georgia who entered the United States on October 31, 2024. [Doc. No. 7 at 1.]  He was determined to be an arriving alien inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and taken into Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b).  [*Id.*]  On the same day, he was issued a Notice to Appear, which initiated removal proceedings pursuant to 8 U.S.C. § 1229(a).  [*Id.* at 1,2.]

1

Petitioner appeared for two individual merits hearings on May 16, 2025 and June 2, 2025 in front of an Immigration Judge ("IJ"), who denied his applications for relief and ordered his removal to Georgia. [*Id.* at 2.] Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") which is pending, and as a result, there is no final order of removal. [*Id.*]

## II.    JURISDICTION

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 7 at 2–3.] This Court and innumerable others have repeatedly rejected the same jurisdictional argument under similar factual scenarios. Because Petitioner challenges the legality of his detention and not the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order, the Court rejects Respondent's jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1138–39 (S.D. Cal. 2025). Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

## III.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## IV.    DISCUSSION

Petitioner argues that his prolonged detention without a bond hearing—more than 16 months—violates his Fifth Amendment right to due process. [Petition at 2, 6.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 7 at 3–4.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court has not decided the *constitutional question* of whether indefinite detention

is permitted.  *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention.  3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").  Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.  Arbitrary civil detention is not a feature of our American government.  "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.  *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year.  *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a

bond hearing when detention extends beyond one year); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner's detention for over 11 months without a bond hearing . . . has become unreasonable and violates due process.") *See also Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019). Turning to the second factor, which consists of "the anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner has submitted an appeal to the BIA which is still pending, and may further appeal to the Ninth Circuit if he receives an adverse determination. [Doc. No. 7 at 2.] *Banda*, 385 F. Supp. 3d at 1119; *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020) ("The usual removal process involves an evidentiary hearing before an immigration judge, and at that hearing an alien may attempt to show that he or she should not be removed . . . If that claim is rejected and the alien is ordered removed, the alien can appeal . . . to the Board of Immigration Appeals and, if that appeal is unsuccessful, the alien is generally entitled to review in a federal court of appeals.") Accordingly, the second factor weighs in favor of Petitioner. As to the third *Banda* factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (second alteration in original). Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at an immigration detention center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8. Thus, the third factor favors Petitioner.

The fourth factor also weighs in his favor as there is no evidence in the record that Petitioner caused any delays. With regard to the fifth factor, there are no allegations of the government delaying any proceedings, thus this factor weighs against Petitioner. Finally, the sixth factor is neutral as it is unclear what the result of Petitioner's removal proceedings will be.

3:26-cv-0922-CAB-BJW

In sum, four of the factors weigh in Petitioner's favor with the most important—the length of Petitioner's detention—weighing strongly in his favor, while factor five weighs against him and six remains neutral. The Court thus concludes that Petitioner's continued mandatory detention without a bond hearing violates his right to due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## V.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **April 22, 2026**. Respondents shall update the Court on the result of the bond hearing by **April 27, 2026**.

It is **SO ORDERED**.

Dated: April 8, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-0922-CAB-BJW